UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cr-20007-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL ARCANGEL HERNANDEZ,

    Defendant.
_____/

### ORDER ON EMERGENCY MOTION TO MODIFY SENTENCE

**THIS CAUSE** is before the Court on *pro se* Defendant Miguel Arcangel Hernandez's ("Hernandez") Emergency Motion to Modify Sentence, ECF No. [101] ("Motion").[1] Hernandez requests on an emergency basis that the Court modify the sentence imposed in this case on the grounds that the Residential Re-entry Manager for the Southern District of Florida (RRM) wrongfully denied his case manager's proposed Residential Re-entry Placement into a halfway house on September 13, 2023—four days before the date on which he was due to be released to a halfway house. *Id.* at 2.

As a preliminary matter, Hernandez fails to show good cause for the Court to waive the time requirements set forth in Local Rule 7.1(d). Although Hernandez is proceeding *pro se*, a *pro se* party must abide by "the relevant law and rules of court[.]" *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 7.1(d) requires in part that a filer specify the date by which a ruling is necessary and a reason why the ruling is needed on that date, but Hernandez has not done so. S.D.

---

[1] This case was originally assigned to Judge Marcia G. Cooke. It was reassigned to the undersigned on January 27, 2023. *See* ECF No. [102].

Fla. L.R. 7.1(d)(1). Moreover, Hernandez failed to certify that the matter is a "true emergency," as required by the rule. *Id.* Although Hernandez contends that he should have been released from incarceration last month, he has set forth no basis in law or fact qualifying that circumstance as a true emergency, especially where—by his own admission—he has not completed his sentence. *See* ECF No. [101] at 1 (explaining that his projected release date is September 17, 2024).

Turning to the merits, the Court construes the Motion as a civil writ of *habeas corpus* under 28 U.S.C. § 2241 because the Defendant challenges the execution of his sentence in the Motion. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." (citing *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000)). As such, the Motion is procedurally deficient and due to be terminated.

Accordingly, it is **ORDERED AND ADJUDGED** that the Clerk is directed to **TERMINATE** the pending Emergency Motion to Modify Sentence, **ECF No. [101]**, and to **OPEN** the construed motion as a new civil case under 28 U.S.C. § 2241.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 12, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 16-cr-20007-BLOOM

Miguel A. Hernandez #12551-104
Federal Correction Institution
P.O. Box 779800
Miami, FL 33177